UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH ROSA,

     Plaintiff,

v.

     Case No. 25-cv-01529-JPG

AARON MORGAN, and
SHANNON VAUGHN,

     Defendants.

## <u>MEMORANDUM AND ORDER</u>

This case is before the Court on Plaintiff Kenneth Rosa's Motion to Amend his Pleadings

(Doc. 22). Defendants Aaron Morgan and Shannon Vaughn filed a response (Doc. 27), and

Plaintiff filed a reply (Doc. 30).

Plaintiff filed his initial complaint on August 3, 2025, asserting claims against Morgan

and Vaughn under 42 U.S.C. § 1983 for First Amendment retaliation and excessive force arising

from events that occurred on August 5, 2023. On April 24, 2026, Plaintiff filed the instant

motion seeking leave to file an amended complaint that adds seven new claims and two new

defendants. Since the applicable statute of limitations under § 1983 is two years, *see Wallace v.*

*Kato*, 549 U.S. 384, 387 (2007); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), these

claims are barred by the statute of limitations *unless* they relate back to the original complaint

under Federal Rule of Civil Procedure 15(c).

Rule 15(c) states, in pertinent part:

***When an Amendment Relates Back.*** An amendment to a pleading relates back to
the date of the original pleading when:

     (A) the law that provides the applicable statute of limitations allows
     relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The proposed amended complaint asserts six new claims against two new defendants: (1) excessive force claim against Rose for first tasing; (2) excessive force claim against Rose for pepper spray; (3) inadequate hiring procedures against Chief Jones in his individual capacity; (4) inadequate hiring procedures against Chief Jones in his official capacity; (5) failure to supervise against Chief Jones in his individual capacity; and (6) failure to supervise against Chief Jones in his official capacity.

All these claims satisfy Rule 15(c)(1)(C). First, they arise out of the same conduct, transaction, or occurrence set out in the initial complaint. Defendant does not argue otherwise with respect to the claims against Rose. However, they do argue that the inadequate hiring procedures and failure to supervise claims against Jones are "different" from the claims that arise from the August 5, 2023, occurrence. It is true that these claims involve a different legal standard and will require additional facts about events that occurred prior to that date. But these claims exist only because of the alleged use of excessive force. In other words, Plaintiff has claims for inadequate hiring procedures and failure to supervise only because of the alleged constitutional

2

violations and resulting injuries that occurred on August 5, 2023. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978) (holding that, to prove a § 1983 claim against a municipality, the plaintiff must prove that he suffered a deprivation of a federal right).

Second, within the time prescribed by Rule 4(m) for serving the complaint (i.e., 90 days after the complaint is filed), both Rose and Jones received such notice of the action that they will not be prejudiced in defending the new claims on the merits. Rose and Jones share the same attorney as the original defendants in this case. Rose is mentioned numerous times in the initial complaint. The shared attorney presumably investigated the allegations to answer the complaint and, therefore, gave Rose notice of this action. In addition, Jones, as police chief, has a strong unity of interest with the original defendants, as he supervises them and the city has a statutory duty to indemnify them.

Third, Rose and Jones should have known that, but for a mistake, this action would have been brought against them. The original complaint states that Rose tased and pepper sprayed Plaintiff. These allegations should have given Rose notice that he would have been named as a defendant but for an error. Further, given the new allegations of Morgan's history of misconduct and limited training, Jones, who, as the police chief, oversaw hiring procedures and training and had access to this information, should have known that, absent a mistake, he would have been named as a defendant. Defendants' argument otherwise focuses on the information Plaintiff had at the time he filed his complaint, but that is not the relevant inquiry. As the Supreme Court has made clear, the focus is on what Rose and Jones knew or should have known. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010).

Since all three requirements of Rule 15(c)(1)(C) are met, these claims relate back to the

initial complaint and, therefore, are not barred by the statute of limitations.

The proposed amended complaint also adds a new excessive force claim against Morgan, one of the original defendants, for the second tasing. This claim arises from the same seizure described in the original complaint. In fact, the initial complaint states that Morgan tased Plaintiff. Accordingly, this claim relates back under Rule 15(c)(1)(B), and it is not barred by the statute of limitations.

For the foregoing reasons, the Court **GRANTS** Plaintiff Kenneth Rosa's Motion to Amend his Pleadings (Doc. 22). It **ORDERS** Plaintiff to file the amended complaint separately within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**
**DATED**: July 16, 2026

**J. PHIL GILBERT**
**United States District Judge**